UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WAFORD BRYANT, ) | |
| No. 448777, ) | |
| ) | |
| Plaintiff, ) | No. 3:16-cv-03011 |
| ) | Senior Judge Nixon |
| v. ) | |
| ) | |
| BRUCE WESTBROOKS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **M E M O R A N D U M**

Plaintiff Waford Bryant, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Warden Bruce Westbrooks, Captain and Chief of Security Earnest Lewis, Medical Administrator Adriane Hawkins, Dr. f/n/u Sibberry, and Corporal B. McClure, alleging violations of the Plaintiff's civil rights. (Docket No. 1). All defendants are sued in their individual and official capacities. (*Id*. at p. 5). The Plaintiff seeks nominal, compensatory, and punitive damages, as well as an injunction requiring the Defendants to prove the Plaintiff with proper medical treatment. (*Id*. at p. 11).

The Plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## **I.   Standard of Review**

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from

1

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.   Facts

The complaint alleges that, while incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, on May 13, 2016, Defendant Dr. Sibbery wrote an order directing the Plaintiff, who suffers from a mental illness, to be transported to an off-premises hospital after an x-ray revealed that the Plaintiff had a foreign object lodged in his stomach. (Docket No. 1 at p. 7). However, despite Dr. Sibbery's order, Warden Westbrooks ordered Defendant Lewis not to transport the Plaintiff to the hospital, and Lewis complied. (*Id.* at pp. 7-8).

According to the complaint, on May 26, 2016, the Plaintiff was transported to the Nashville General Hospital emergency room where, after an examination and testing, the emergency room physician told the Plaintiff that the foreign object had perforated his bowel and caused an infection, necessitating immediate, emergency surgery. (*Id.* at p. 7).

The complaint further alleges that, on August 13, 2016, Dr. Sibbery failed to provide any

2

medical treatment for the Plaintiff after an x-ray revealed a foreign object in the Plaintiff's stomach. (*Id.*) On that same day, the nursing supervisor and the Plaintiff's mental health doctor (both names unknown) placed the Plaintiff on suicide watch for forty-eight hours during which time the Plaintiff was placed in a four-point restraint and was provided with no mattress. (*Id.* at pp. 7-8). The complaint alleges that, during this time, the Plaintiff grew more ill and, three days later, various medical professionals examined and tested the Plaintiff. (*Id.* at p. 8). The tests revealed that the Plaintiff had an infection, which he believes could have been avoided had the Defendants treated him properly rather than placing him on suicide watch. (*Id.*)

The complaint alleges the Plaintiff filed grievances concerning these incidents but that Defendant McClure did not address the grievances properly. (*Id.* at pp. 10-11).

### III. Analysis

First, some of the Plaintiff's Section 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. Any such claims will be dismissed.

Second, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(collecting cases); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

Here, the complaint alleges that Defendant Westbrook's order and Defendant Lewis's compliance with the order not to permit the Plaintiff to receive medical treatment for the medical problem on May 13, 2016, caused the Plaintiff's condition to worsen and an infection to develop, necessitating subsequent emergency surgery. Further, the complaint alleges that Dr. Sibbery's failure to ensure that the Plaintiff was sent to an off-site hospital on August 13, 2016, for treatment for another medical problem caused the Plaintiff's medical condition to worsen. Consequently, the Court finds that the complaint states colorable Eighth Amendment claims based on the allegation that Warden Westbrooks and Earnest Lewis refused to permit any medical treatment for the Plaintiff on May 13, 2016 and based on the allegation that Dr. Sibbery failed to provide appropriate medical treatment to the Plaintiff on August 13, 2016. 28 U.S.C. § 1915A. These claims shall proceed for further factual development.

However, the Plaintiff's allegations as set forth in the complaint against Adrianne Hawkins fail to state an Eighth Amendment claim upon which relief can be granted. The complaint alleges that once Hawkins was aware of the Plaintiff's condition on August 16, 2016, Hawkins made arrangements for the Plaintiff's transport to an outside hospital for treatment. This conduct does not

4

reflect a deliberate indifference to the Plaintiff's mental or health care needs. Thus, the claims against Defendant Hawkins will be dismissed.

### IV. Conclusion

As set forth above, the Court finds the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to Defendants McClure and Hawkins. The Plaintiff's claims against these Defendants will be dismissed. However, the allegations in the Plaintiff against Defendants Westbrooks, Lewis, and Sibbery state § 1983 claims upon which relief could be granted under the Eighth Amendment. Of course, at this stage of the proceedings, it is unclear where the Plaintiff ultimately can prevail on these claims; however, the Court does not find that these allegations are frivolous or malicious. The Plaintiff's Eighth Amendment claims against Defendants Westbrooks, Lewis, and Sibbery will proceed for further development.

An appropriate order will be entered.

John T. Nixon
Senior United States District Judge