IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WAFORD K. BRYANT )
)
v. ) NO: 3:16-3011
)
BRUCE WESTBROOKS, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered December 6, 2016 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 15) filed by Defendant Charles Sidberry. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Waford Bryant ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. On November 21, 2016, he filed this action *pro se* and *in forma pauperis* against five prison officials at the RMSI seeking relief under 42 U.S.C. § 1983 for alleged violations of his civil rights. He alleges that his Eighth Amendment right to medical care was violated at the RMSI when he was not appropriately treated after it was discovered that he had foreign objects lodged in his stomach.

Specifically, Plaintiff alleges that, on May 13, 2016, RMSI Physician Dr. Charles Sidberry ("Sidberry") wrote an order directing that Plaintiff, who suffers from a mental illness, be transported to an off-premises hospital after an x-ray revealed that Plaintiff had a foreign object lodged in his stomach. *See* Complaint (Docket No. 1) at 7. Plaintiff alleges that RMSI Warden Bruce Westbrooks ("Westbrooks") disregarded Sidberry's order and directed RMSI Captain and Chief of Security Earnest Lewis ("Lewis") to not transport Plaintiff to the hospital. *Id*. at 7-8. Plaintiff alleges that he was, nonetheless, subsequently transported to the Nashville General Hospital on May 26, 2016, where, after an examination and testing, the emergency room physician told the Plaintiff that the foreign object had perforated his bowel and caused an infection, necessitating immediate, emergency surgery. *Id.* at 7. Plaintiff alleges that, on August 13, 2016, he again had an x-ray taken that revealed a foreign object lodged in his stomach. *Id*. at 8. He alleges that, instead of being given any treatment or being transported to an outside hospital, he was placed in four-point restraints at the RMSI. *Id*. He contends that he eventually developed a fever, which prompted emergency blood work on August 13, 2016, showing that he again had an infection. *Id*. He was then transported to TDOC's DeBerry Special Needs Facility, where he underwent a CT-scan, and then was transported to an outside hospital. *Id*.

Upon initial review, the Court directed that process issue to: 1) Defendants Westbrooks and Lewis on Plaintiff's claim that they violated his Eighth Amendment rights by preventing him from receiving treatment related to the May 2016 events; and 2) to Defendant Sidberry on Plaintiff's claim that he violated Plaintiff' Eighth Amendment rights by failing to ensure that he was sent to an off-site hospital on August 13, 2016, for treatment for another medial problem that caused Plaintiff's condition to worsen. *See* Memorandum (Docket Entry No. 4) at 4. Although the Court dismissed claims brought against two of the other prison officials named in the complaint, the Court found that the

claims against Defendants Westbrooks, Lewis, and Sidberry should proceed for further factual development. *Id*. Defendants Earnest Lewis and Bruce Westbrooks have filed an answer to the complaint, *see* Docket Entry No. 32, and a scheduling order has been entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 34.

On January 30, 2017, Defendant Sidberry filed his motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure in lieu of an answer. He argues that Plaintiff's allegations fail to support a claim that Sidberry acted with deliberate indifference to Plaintiff's serious medical needs, which is the standard required for an Eighth Amendment claim. *See* Memorandum in Support (Docket Entry No. 16) at 3-6. He further contends that Plaintiff has not exhausted his administrative remedies for his claim against Defendant Sidberry, as required by 42 U.S.C. § 1997e(a). *Id*. at 7-9. Finally, Defendant Sidberry asserts that, to the extent that Plaintiff's complaint can be read to assert a medical malpractice or negligence claim under Tennessee law, the complaint does not show that Plaintiff has complied with the pre-suit requirements necessary to pursue such a claim. *Id*. at 6-7. Plaintiff has not responded to the motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although a complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In review of the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

Initially, the Court notes that nowhere in Plaintiff's pleadings does he assert a claim under state law. Nor did the Court in its initial review of the Complaint construe the complaint as asserting anything other than claims brought by Plaintiff under 42 U.S.C. § 1983 for violations of his constitutional rights. Accordingly, Defendant Sidberry's argument regarding the inadequacy of any state law claims is not germane to the issues raised in this case.

Plaintiff's Section 1983 claim against Defendant Sidberry should be dismissed because Plaintiff has not shown that the claim has been administratively exhausted. The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although

exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead. *Jones v. Bock*, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised, a prisoner plaintiff must present evidence to show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011). To establish exhaustion of administrative remedies, a prisoner plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, it is well-settled that there is no futility exception to the exhaustion requirement, *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222, and a prisoner plaintiff cannot abandon the grievance process.

Defendant Sidberry has raised the defense of lack of administrative exhaustion. Relying on the exhibits Plaintiff attached to the complaint, Defendant Sidberry contends that there is no indication that Plaintiff pursued a prison grievance about the events occurring in August 2016 upon which his claim against Defendant Sidberry is based. Defendant Sidberry asserts that the copies of the grievances that are attached to the complaint all pre-date the August 2016 events. *See* Docket Entry No. 1 at 18-38. Plaintiff has not set forth any evidence disputing Defendant Sidberry's affirmative defense of lack of exhaustion and showing that he pursued and exhausted his administrative remedies pertaining to the claim brought against Defendant Sidberry. It is Plaintiff's burden to rebut Defendant's defense that he failed to exhaust. *See Napier*, *supra*. Plaintiff has not met this burden, warranting dismissal of the claim against Defendant Sidberry. Because Plaintiff's failure to comply with the PLRA requires dismissal of the claim against Defendant Sidberry, it is not necessary to

5

address Defendant Sidberry's argument that Plaintiff's allegations do not state a claim for relief under Section 1983.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 15) filed by Defendant Charles Sidberry be GRANTED, and that the claim brought against Defendant Sidberry be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge